This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                            **NO. 29,492**

**CRAIG PIERI,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**FRY, Judge.**

Defendant appeals his convictions of one count of kidnaping, nine counts of criminal sexual penetration of a minor, seven counts of criminal sexual contact of a minor, one count of sexual exploitation of a child, and one count of contributing to the

delinquency of a minor, all related to his conduct in connection with his daughter (Victim). Defendant makes several arguments detailed below. We affirm.

The factual and procedural background is familiar to the parties and, because this is a memorandum opinion, we do not provide a detailed background section. We provide details as necessary to our discussion of each issue raised by Defendant.

**DISCUSSION**

**Denial of Motion for Bill of Particulars**

Defendant argues that the district court erroneously denied his motion for a bill of particulars because the instances supporting the various counts were not specific enough to allow him to meaningfully defend against them. The State interprets Defendant's argument as contending that the multiple counts asserted violate principles of double jeopardy and that the charging period is too long.

Although Defendant vaguely mentions double jeopardy in his argument directed to the charging document, he does not flesh out his argument in any way. He does not explain why the indictment violates double jeopardy. As a result, we decline to address double jeopardy. *See State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (explaining that appellate court does not review unclear or undeveloped arguments).

Defendant filed a motion for a bill of particulars, noting that the indictment charged eighteen counts alleging criminal sexual penetration of a minor (CSPM) and criminal sexual contact with a minor (CSCM) occurring during the same approximately nine-month period of time and arguing that the individual counts were distinguished only by the body parts involved. On appeal, he claims that none of the counts were distinguished by the place of occurrence, and he relies on *State v. Baldonado*, 1998-NMCA-040, 124 N.M. 745, 955 P.2d 214, to argue that the length of the charging period and the concomitant inadequacy of notice resulted in a denial of due process.

We decline to engage in an analysis of *Baldonado* because Defendant failed to preserve this argument. Although Defendant filed a motion for a bill of particulars, the district court apparently never ruled on the motion. The court said as much at a suppression hearing on November 19, 2008, which was about three weeks prior to trial, but we have not found anything in the record indicating that the court ever ruled on the motion after that hearing. Defendant has not pointed us to any ruling by the district court on this issue. As a result, we are unable to undertake a *Baldonado* analysis on this record. *See State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (explaining that in order to preserve an issue for appeal, the defendant

must not only make a timely objection but also invoke an intelligent ruling on the objection).

Defendant did move for directed verdict on several of the counts charged on the basis that the evidence did not support all of the counts alleged. On appeal, Defendant combines his arguments regarding directed verdict with his arguments regarding the bill of particulars. We therefore turn to Defendant's arguments regarding the district court's denial of his motion for directed verdict.

**Denial of Motion for Directed Verdict**

After the State completed its presentation of evidence, Defendant argued for dismissal of several of the charged counts. He contended that the evidence did not support more than two counts of anal CSPM and two counts of vaginal CSPM. While he also argued that there was insufficient evidence supporting the charge of contributing to the delinquency of a minor, he does not raise this argument on appeal. Defendant also maintained that "there was a number of cases where the contacts and the CSPs . . . were really unitary acts" and that "it was pretty hard to determine sometimes from [Victim's] testimony . . . whether there was sufficient separation in time and space and stuff between events." The district court ruled that it would dismiss one of the charges of CSCM related to the touching of Victim's breasts.

4

"The question presented by a directed verdict motion is whether there was substantial evidence to support the charge." *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993). "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86.

The court instructed the jury on CSPM, with three counts each for anal penetration and sexual intercourse; one count of cunnilingus, and two counts of fellatio. In order to convict Defendant of CSPM, the jury had to find beyond a reasonable doubt that Defendant "caused [Victim] to engage in" the specified type of penetration, that Victim "was 12 years of age or younger," and that the act occurred "in New Mexico on or between October 31, 2003 and August 5, 2004." The State presented evidence that Defendant penetrated Victim anally once when the family stayed in a room at the Coachlight Inn and more than once—as many as five times—when the family was living on the bus; he penetrated Victim vaginally on as many as five occasions on the bus and more than once at the motel; he performed cunnilingus on her once on the bus; and forced Victim to perform fellatio once or twice in the motel and four times on the bus. All of these events occurred when Victim was nine years old and the family was living in Las Cruces.

The court also instructed the jury on CSCM, with four counts of contacting Victim's breasts, three counts of touching her vulva, and one count of touching her buttocks. In order to convict Defendant of CSCM, the jury had to find beyond a reasonable doubt that Defendant "touched or applied force to" the specified body part, that Victim "was 12 years of age or younger," and that the events "happened in New Mexico on or between October 31, 2003 and August 5, 2004." The State presented evidence that Defendant touched Victim's breasts at least three times in the motel; he touched her vulva more than once in the motel and at least once on the bus; and he touched her buttocks at least once on the bus. We conclude that there was sufficient evidence presented to preclude a directed verdict in favor of Defendant.

Defendant further argues that the court should have granted his motion for directed verdict because the evidence gave rise to an equally plausible inference of innocence. This argument is without merit. As the State observes, we "[do] not evaluate the evidence to determine whether some hypothesis could be designed which is consistent with a finding of innocence." *State v. Sosa*, 2000-NMSC-036, ¶ 8, 129 N.M. 767, 14 P.3d 32 (internal quotation marks and citation omitted). Instead, we consider the evidence in the light most favorable to the verdict and determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Garcia*, 114 N.M. 269, 274, 837 P.2d 862, 867 (1992)

6

(internal quotation marks and citation omitted). We conclude that the evidence satisfied this standard.

**Admission of Videotaped Deposition and Denial of Second Interview of Victim**

Defendant contends he was denied his rights under the Confrontation Clause when the district court denied his request that Victim be interviewed and admitted Victim's videotaped deposition in lieu of her live testimony at trial. The precise bases for Defendant's arguments are unclear from his brief on appeal, but our review of the record establishes that, prior to the second trial, defense counsel asked the district court to interview Victim to determine whether she was still too fragile to testify live at trial. Defense counsel believed that the attorney who had represented Defendant at the videotaped deposition had conducted an inadequate cross-examination of Victim. If the interview revealed that Victim was too fragile to testify live, then defense counsel argued that Victim's first safehouse interview, which was given closer in time to the events charged, be played for the jury. Defendant is apparently making the same arguments on appeal.

We review the admission of evidence for an abuse of discretion. *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. "Confrontation Clause claims are issues of law that we review de novo." *State v. Martinez*, 1996-NMCA-109, ¶ 14, 122 N.M. 476, 927 P.2d 31

We first observe that the district court admitted the tape of the first safehouse interview at trial. Thus, even though the court denied Defendant's motion that Victim

8

testify live at trial, the court granted Defendant's alternative request for relief. To the extent that Defendant still maintains that his confrontation rights were violated by the admission of the videotaped deposition in lieu of Victim's live testimony, we are not persuaded.

The district court had initially granted the State's motion to allow Victim to testify via videotape based on the testimony of Victim's therapist that testifying live in Defendant's presence would be "very detrimental," would likely trigger Victim's post-traumatic stress disorder, and could ultimately result in Victim's hospitalization. At the hearing on Defendant's subsequent motion seeking an interview of Victim and reconsideration of the decision allowing the videotaped deposition in lieu of live testimony, one of Victim's therapists testified that testifying live in Defendant's presence would be very damaging to Victim, might cause her to relapse, and might result in her having to be re-hospitalized. Thus, the district court had reasonable grounds on which to deny Defendant's motion.

As for Defendant's claims under the Confrontation Clause, Defendant appears to argue that the attorney who represented him at the deposition did not address several inconsistencies in Victim's testimony and that this constituted denial of "full" confrontation. We do not agree. "The rights that the Confrontation Clause confers . . . are not absolute." *State v. Fairweather*, 116 N.M. 456, 462, 863 P.2d 1077, 1083

(1993). In cases involving child victims of sexual crimes, the trial court must seek to strike a balance between the competing interests of protecting the victim and the rights of the accused. *Id.* In the present case, Defendant was present in the jury room during the videotaped deposition, where he could hear the testimony and communicate with his attorney, and his attorney cross-examined Victim. Our Supreme Court in *Fairweather* held that such an arrangement passed constitutional muster. *Id.* As in *Fairweather*, the only element of confrontation denied to Defendant was a face-to-face encounter, which "is not the *sine qua non* of the confrontation right." *Id.* (internal quotation marks and citation omitted). We conclude that Defendant was not denied his right of confrontation.

**Admission of Drawings**

Defendant argues that the district court erroneously admitted three exhibits, which were drawings confiscated during a shakedown at the Doña Ana Detention Center from a cell near the cell occupied by Defendant. The court assumed that Defendant had not created the drawings, but it admitted the drawings on the theory that Defendant told details to the person who created the drawings because they depicted details that coincided with Victim's testimony.

We review the admission of evidence for abuse of discretion. *Sarracino*, 1998-NMSC-022, ¶ 20. We conclude that the district court did not abuse its discretion by admitting the exhibits.

Evidence at trial established that Victim made several allegations that coincided with images in the exhibits. Victim said she and her family lived in what she called the "Italian bus," that Defendant made her watch dirty movies, that Defendant "sold" her at truck stops, that Defendant homeschooled Victim, and that the family parked their bus at the Pilot truck stop. The exhibits depicted a bus labeled "Italian Job;" signs labeled "Pilot" and "Pilot truck stop;" a man driving a child to the truck stop saying, "Im [sic] going to teach you alot [sic]," while the child is saying, "Help me someone call the cops;" and a room with a shelf of "under 18 Porn movies" and a child looking through a window.

Defendant argues that the drawings were not authenticated and that admission of the drawings violated Rule 11-404(B) NMRA. With respect to authentication, Defendant does not explain why he claims the drawings were not properly authenticated. As a result, we will not review this argument on appeal. *See Fuentes*, 2010-NMCA-027, ¶ 29 (explaining that the appellate court does not review unclear or undeveloped arguments).

As for Defendant's argument that admission of the drawings violated Rule 11-404(B), we are not persuaded. Rule 11-404(B) precludes admission of "other crimes, wrongs or acts . . . to prove the character of a person in order to show action in conformity therewith." We fail to see how these drawings constituted evidence of other crimes, wrongs, or acts. The drawings depicted details that coincided with details about Defendant that Victim conveyed in describing the crimes of which Defendant was accused. The drawings were found in a cell near the cell Defendant occupied, and they were found mixed in with legal papers containing Defendant's name. Thus, the jury could reasonably infer that Defendant told the creator of the drawings some of the details Victim reported. The drawings were therefore relevant as tending to show it was more likely than not that Defendant had in fact abused Victim as she reported. *See* Rule 11-401 NMRA (stating that "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").

**Admission of Post-Polygraph Statement**

Defendant argues that the district court erroneously denied his motion to suppress the statement he gave to sheriff's officers following his polygraph test. He maintains that (1) the statement was not an admission by a party opponent under Rule

12

11-801(D)(2) NMRA, and that (2) there was insufficient foundation for admission of the statement. Again, we review the admission of evidence for abuse of discretion. *Sarracino*, 1998-NMSC-022, ¶ 20.

At the suppression hearing, Investigator Lindell Wright of the Doña Ana sheriff's department testified that he met with Defendant for the purpose of administering a polygraph test, *Miranda* warnings were given to Defendant, and Defendant signed a waiver of his rights. When the test administrator determined that Defendant was deceptive in answering a key question, Investigator Wright conducted a follow-up interview with Defendant's consent. The district court denied Defendant's motion to suppress.

At trial, Investigator Wright testified about the statement Defendant gave but did not mention the polygraph. In response to Investigator Wright's questioning, Defendant admitted to having wet dreams about having sexual intercourse with Victim.

Rule 11-801(D)(2) provides that a statement is not hearsay if it "is offered against a party" and, among other options, if it is "the party's own statement." Although his argument is unclear, Defendant appears to argue that his statement did not constitute an admission because he was merely offering "an explanation for flunking the polygraph and not to the act." In other words, Defendant admitted only

13

to having a dream about Victim, not to having sex with Victim. Defendant further maintains that some kind of unspecified foundation is required for admission of a statement under Rule 11-801(D)(2).

Rule 11-801(D)(2) does not have any of the requirements that Defendant suggests it has. Even if Defendant was admitting "only" to having a sexual dream about Victim, his statement was nonetheless his own statement and it was being offered into evidence against him. This is all the rule requires, and no further foundation is necessary. The rule establishes only that a statement of a party opponent is not hearsay. We conclude that the district court did not abuse its discretion in admitting the statement.

**CONCLUSION**

For the foregoing reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

14

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**